UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) CRIM. NO. 2:13-CR-80-DBH-01 |
| ROGER BURKE, | ) ) ) |
| DEFENDANT | ) |

**DECISION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE**

I sentenced Roger S. Burke December 16, 2013, to 151 months in prison for drug trafficking. Judgment (ECF No. 29). Burke, now imprisoned at FCI Talladega, has filed a motion for compassionate release referring to Covid-19, his "very bad asthma," the loss of his aunt "over this covid-19," and his "need to go home so I could help my brother & my little niece." Mot. for Compassionate Release (ECF No. 60).[1] The BOP reports that FCI Talladega currently has 4 inmates and 44 staff positive for COVID-19 and 247 inmates and 9 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Feb. 9, 2021), https://www.bop.gov/coronavirus.

As amended by the First Step Act, the so-called compassionate release provision allows a judge, without a BOP motion, to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). I follow the four Circuit precedents that Guideline policy

---

[1] More than 30 days have passed since the Warden received Burke's request for relief. See 18 U.S.C. § 3582(c)(1)(A).

statement 1B1.13, which preceded Congress's First Step Act amendment of section 3582, applies only to motions brought by the Director of the Bureau of Prisons (which before the amendment had exclusive power to bring such motions).  Those Circuits have ruled that by its clear language the policy statement does *not* apply to defendants' motions for relief, and that on defendants' motions, nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020); accord United States v. McCoy, 981 F.3d 271, 281-83 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108-11 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020).  Only the Eleventh Circuit seems to disagree.  See United States v. Monaco, 832 F. App'x 626, 628-29 (11th Cir. 2020) (per curiam) (applying 1B1.13 without analyzing the issue).[2]  I proceed therefore to assess whether Burke has presented "extraordinary and compelling reasons" for me to order his early release.

In support of his motion, Burke has attached his BOP medical records. Those records reveal that Burke uses Albuterol and Mometasone Furoate inhalers for asthma.  The Revised Presentence Report prepared for his sentencing in 2013 reported that he has suffered asthma since childhood and that he was

---

[2] The Fifth Circuit applied the Guideline policy statement in United States v. Bell, 823 F. App'x 283, 284 (5th Cir. 2020) (per curiam), but later announced that it was "an open question" whether the policy statement applies, United States v. Gowdy, 832 F. App'x 325, 327 & n.4 (5th Cir. 2020).  The First Circuit has not addressed the issue directly, but it did recognize the use of other factors in United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines") aff'g No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).

using an Albuterol inhaler, but that "he ha[d] not been under the care of a doctor for an extended period." PSR ¶ 43. The BOP medical records do not show any significant change in this chronic condition.

According to the CDC's website dealing with the coronavirus, asthma is not a condition that places people "at increased risk" of severe illness from the virus. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021). Instead, people with moderate to severe asthma "might be at an increased risk." Id. Burke's medical records do not say that his asthma is or was moderate or severe.

I am sorry that Burke has lost his aunt to COVID-19 and I applaud his desire to help his brother and his niece, but there is no suggestion that he is an essential caregiver. Under these circumstances, Burke's asthma history and his family circumstance do not rise to the level of "extraordinary and compelling reasons" that would justify compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I therefore **DENY** his motion for compassionate release.

**SO ORDERED.**

**DATED THIS 10TH DAY OF FEBRUARY, 2021**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**